# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 3:19-00239

RICKY L. HOUDERSHELDT, D.O.

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a "Motion to Exclude Government's Cell Call Location Expert Testimony and Evidence" filed by Defendant Ricky L. Houdersheldt, D.O. *Mot. to Exclude*, ECF No. 62. The Government subsequently filed a Response in Opposition and Defendant filed a Reply. *Resp. in Opp'n*, ECF No. 66; *Reply*, ECF No. 71. The issues have been adequately presented to the Court through the parties' briefs, and oral argument is therefore unnecessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

The facts of this case are more fully set out in the Court's March 10, 2020 Memorandum Opinion and Order addressing Defendant's earlier motion to suppress evidence that stemmed from an allegedly misleading search warrant affidavit. *See Mem. Op. & Order*, ECF No. 61. At the highest level of generality, however, this matter concerns allegations that Defendant wrote prescriptions for various controlled substances for several patients without a legitimate medical basis for doing so. *See Superseding Indictment*, ECF No. 25. One patient—identified as D.L.— allegedly received prescriptions from Defendant at odd locations across Putnam County, West Virginia throughout the summer and fall of 2018. *See id.* at 2. In an effort to corroborate these allegations, the Government seeks to introduce expert testimony from Federal Bureau of

Investigation ("FBI") Special Agent John A. Orlando IV that uses cell site location data to place Defendant at each location he allegedly issued illegal prescriptions to D.L. *Resp. in Opp'n*, at 4. In preparation for his testimony, Special Agent Orlando prepared a Cellular Analysis Survey Team ("CAST") Report explaining the technology used to map the location of Defendant's cell phone and demonstrating its presence in certain locations on certain dates. *See CAST Report*, ECF No. 69.

In seeking to exclude the report and Special Agent Orlando's testimony, Defendant argues that the Government's dilatory conduct in providing the CAST Report would represent unfair prejudice. *Mot. to Exclude*, at 2. In particular, Defendant claims he was not provided a copy of the CAST Report until March 9, 2020, or just eight days before his trial was set to begin.[1] *See id.*; *see also Arraignment Order*, ECF No. 30. The Government responds by arguing that Defendant's own pattern of refusing requests to access his cell phone caused significant delay in obtaining his cell site location information. *See Resp. in Opp'n*, at 2–3. The Government also points out that it only obtained the relevant cell site location data on February 25, 2020, and that counsel immediately contacted the FBI's Criminal Investigative Division to obtain an expedited review of that data. *Id.* at 3. On March 3, 2020, Special Agent Orlando was appointed to complete a report on the location data, and the Government provided notice to defense counsel of his expert testimony the next day. *Id.* at 4. On March 9, 2020—immediately after receiving the report from Special Agent Orlando—the Government provided it to the Defendant. *Id.* With this factual setting in mind, the Court turns to the law that will govern the resolution of Defendant's motion.

---

[1] In light of the ongoing COVID-19 outbreak, Defendant's trial was continued until June 16, 2020. *See Order*, ECF No. 72, at 1.

## II. LEGAL FRAMEWORK

At the outset, it is worth acknowledging that Defendant is not entirely clear about the legal grounds for excluding Special Agent Orlando's report and testimony. He cites no legal authority in his motion, and jumps from rules governing discovery violations to rules of evidence to rules concerning the reliability of expert testimony in his Reply.[2] *See Mot. to Exclude*; *Reply*, at 3–5. Defendant's challenge most neatly fits the mold for discovery violations, which is the framework the Court will apply to its review of Defendant's motion. In considering sanctions for discovery violations in a criminal case, a court "must use the least severe sanction which will adequately punish the government and secure future compliance." *United States v. Hastings*, 126 F.3d 310, 316 (4th Cir. 1997). To determine the appropriate sanction, "a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant, and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." *Id.* Exclusion of evidence is a severe sanction, and it

---

[2] Defendant specifically cites to Rule 403 of the Federal Rules of Evidence and *Oglesby v. General Motors*, 190 F.3d 244, 250 (4th Cir. 1999) in his Reply brief. *Reply*, at 3–4. First, Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Simply put, the Court perceives no risk that the probative value of the CAST Report would be *substantially* outweighed by any countervailing considerations included in Rule 403. Of course, Defendant is free to object if Special Agent Orlando offers testimony at trial that he believes violates any evidentiary rules. Second, *Oglesby v. General Motors* concerns the reliability of expert testimony and concludes that an expert's testimony is insufficiently reliable where it does "not properly draw on specialized knowledge" and where it instead depends "on an imperfect syllogism constructed from unsupported suppositions." 190 F.3d at 250. Of course, Defendant concedes that "the government's proffered expert may have specialized knowledge" and instead bases his argument on the fact that Special Agent Orlando's conclusions are uncertain. *Reply*, at 3. Even assuming this is true, absolute certainty is not a prerequisite for expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) ("Of course, it would be unreasonable to conclude that the subject of scientific testimony must be "known" to a certainty; arguably, there are no certainties in science."). Both alternative grounds for Defendant's motion are therefore thoroughly unavailing.

"would be a rare case where, absent bad faith, a district court should exclude evidence." *United States v. Hammoud*, 381 F.3d 316, 336 (4th Cir. 2004) (en banc), *vacated on other grounds*, 543 U.S. 1097 (2005). In light of the gravity of exclusion, continuances are "the preferred sanction" for discovery violations. *Id.*

### III. DISCUSSION

As a preliminary matter, the Court notes that it is far from clear that any discovery violation has occurred here. The Government appears to have acted expeditiously in obtaining a warrant for Defendant's AT&T cell site records, and to have provided the CAST Report based on these records to Defendant as soon as possible. For the sake of analytical clarity, however, the Court will assume (without actually concluding) that the Government's conduct is somehow a discovery violation. Even under this forgiving interpretation of the facts before the Court, Defendant's motion still fails.

As noted above, courts consider two factors in fashioning a sanction for discovery violations: "[1] the reasons for the government's delay whether it acted intentionally or in bad faith; [2] the degree of prejudice, if any, suffered by the defendant, and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." *Hastings*, 126 F.3d at 316. Here, both factors weigh strongly against exclusion.

First, the Government presents several valid justifications for its "delay" in providing the CAST Report to Defendant—most of which appear to stem from Defendant's own refusal to provide his cell phone password. *Resp. in Opp'n*, at 3. This refusal caused a lengthy delay from November to January wherein the Government employed specialized computerized processes to access Defendant's phone, which revealed that his carrier was Verizon. *Id.* After obtaining a warrant for the Verizon records, the Government realized that Defendant's carrier at the time of

the alleged offense conduct with D.L. was AT&T. *Id.* The Government then obtained another warrant to access Defendant's AT&T cell site records. *Id.* Defendant is, of course, under no obligation to assist the Government in his own prosecution, yet it appears clear that much of the delay he challenges stems from his own actions. There is certainly no evidence of bad faith, absent which exclusion is not warranted. *Hammoud*, 381 F.3d at 336.

Second, it is not clear that Defendant is substantially or unfairly prejudiced by the allegedly dilatory conduct he points to in support of his motion. He received notice of Special Agent Orlando's expert testimony on March 4, 2020 as well as a copy of the CAST Report he produced on March 9, 2020. *Resp. in Opp'n*, at 4. This is not an example of the Government unfairly or intentionally withholding evidence until the very eve of trial. Nevertheless, any prejudice suffered by Defendant would be as easily cured by a continuance as by exclusion. Given the Court's Order continuing trial in this matter until June 16, 2020, there is no conceivable prejudice Defendant could still suffer from his receipt of the CAST Report on March 9, 2020. It follows that Defendant's motion to exclude the Government's cell site location evidence must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion, ECF No. 62, and **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 30, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE